United States District Court
Southern District of Texas
**ENTERED**
December 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SHREE RAMA, LLC, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-91 |
| | § | |
| MT. HAWLEY INSURANCE COMPANY, | § | |
| Defendant | § | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

The Court is in receipt of the "Motion for Summary Judgment and Brief in Support" filed by Defendant Mt. Hawley Insurance Company (hereinafter, Defendant's "Motion" or "Motion for Summary Judgment"). Dkt. No. 24. For the reasons provided below, it is recommended that the Court **GRANT** Defendant's Motion for Summary Judgment and **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. Jurisdiction

The Court has federal diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Factual and Procedural History

Plaintiff, Shree Rama, LLC, initiated this action by filing its Original Petition in County Court at Law No. 4, in Cameron County, Texas, on May 11, 2021. Dkt. No. 1-3 at 2. On June 29, 2021, Defendant filed a Notice of Removal. Dkt. No. 1. Defendant's Notice of Removal states that this Court has original jurisdiction under 28 U.S.C. § 1332 because

the parties are completely diverse and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *Id*. at 2-3. Plaintiff has not disputed this Court's jurisdiction.

Collectively, the parties' submissions indicate that Plaintiff first purchased an insurance policy from Defendant on or about May 3, 2019. Plaintiff renewed the policy on May 5, 2020, which was in effect through May 5, 2021. *See* Dkt. No. 1-3 at 4-5; Dkt. No. 24 at 6. Plaintiff purchased the policy and renewal (hereinafter, the "Policy") to insure its hotel in Harlingen, Texas (hereinafter, the "Property"). Dkt. No. 1-3 at 4.

On August 12, 2019, Plaintiff filed a claim with Defendant, alleging that its Property was damaged by a windstorm on or about June 24, 2019 (hereinafter, the "2019 Claim"). *See* Dkt. No. 1-3 at 6-8; Dkt. No. 24 at 8-9. Defendant hired an independent adjuster, Rodgers Truitt of Engle Martin & Associates ("Engle Martin"), to inspect the Property. *Id*. After Truitt conducted an inspection, Caliber Forensics was retained to perform an engineering inspection of the claimed damage. *Id*. On August 22, 2019, Caliber Forensics inspected the Property and submitted a report (hereinafter, the "2019 Caliber Report") to Defendant. Dkt. No. 24-2 at 3-14. The 2019 Caliber Report found "that there was no damage to the roof of the Property by wind on or around the date of loss. The damage to the shingle roofing is consistent with having been manifested during multiple storm events, starting at least as far back as 2011." *Id*. Relying on the 2019 Caliber Report, Defendant denied coverage for the 2019 Claim. Dkt. No. 24 at 8-9; Dkt. No. 24-2 at 15-18.

On July 30, 2020, Plaintiff filed a claim with Defendant alleging that its Property was damaged by Hurricane Hanna on July 25, 2020 (hereinafter, the "2020 Claim"). *See* Dkt. No. 1-3 at 8-9; Dkt. No. 24 at 10-11. Defendant hired an independent adjuster, Seon

Perry of Engle Martin, to inspect for any roof and interior water damage to the Property. Dkt. No. 24 at 10-11. After Perry conducted an inspection, Nelson Forensics was retained to perform an engineering inspection of the claimed damage. *Id*. On August 18, 2020, Nelson Forensics inspected the Property and submitted a report (hereinafter, the "2020 Nelson Report") to Defendant. Dkt. No. 24-2 at 20-59. The 2020 Nelson Report found "that only minor interior water damage to room 260 and minor roof damage above room 260 could be attributable to Hurricane Hanna." *Id*. Relying on the 2020 Nelson Report and an estimate prepared by Engle Martin, Defendant issued a coverage letter (hereinafter, "Defendant's 2020 Coverage Letter") to Plaintiff on October 13, 2020. Dkt. No. 24-2 at 60-66. Defendant stated that "[a]s previously discussed, Nelson Forensics confirmed that aside from missing shingles above room 260, there were no wind created breaches throughout the building envelope. … Engle Martin prepared an estimate of $2,902.81 for repairs to a portion of the interior of room 260 for moisture stains as a result of water intrusion through the missing shingles along the repair allowance for repair of those shingles." *Id*. at 65-66. Defendant stated that the covered damage was under the Policy's $57,800 windstorm deductible and that it would be unable to provide coverage for any remaining items under the Policy. *Id*.

Plaintiff then retained Shane Sosa of TX Public Adjusting to assist in its claim dispute. Dkt. No. 1-3 at 10. Sosa inspected the Property and performed a "brittleness test" on the roof along with Marco Arizpe of Marco Arizpe Roofing, L.L.C. *Id*.; Dkt. No. 25-2 at 114-158. Arizpe submitted a report (hereinafter, the "2020 Arizpe Report") to Plaintiff stating that "the roof shingles above room 260 were too brittle to spot repair and a replacement of the entire roof would be recommended." Dkt. No. 25-2 at 123. Defendant

sent the 2020 Arizpe Report to Engle Martin. Dkt. No. 24 at 11. Engle Martin reassigned the 2020 Claim to Truitt, the same independent adjuster previously assigned to the 2019 Claim. *Id.* Truitt stated that Plaintiff was claiming preexisting damage previously determined as noncovered loss during the 2019 Claim review. *Id.* Relying on Truitt's assessment and a comparison of the 2019 Caliber Report and 2020 Nelson Report, Defendant sent Plaintiff a denial of coverage letter (hereinafter, "Defendant's 2021 Denial Letter") for the 2020 Claim. *Id.*; Dkt. No. 24-2 at 70-77.

Plaintiff claims that both the 2019 windstorm and Hurricane Hanna caused covered damage to its Property, but that Defendant has wrongfully refused to pay. *See* Dkt. No. 1-3 at 4-5; Dkt. No. 24 at 6. More specifically, Plaintiff states that Defendant is liable to it for: (1) breach of contract; (2) bad faith violations of Chapter 541 of the Texas Insurance Code; (3) breach of the duty of good faith and fair dealing; (4) common law fraud; (5) conspiracy to commit fraud; and (6) violations of § 542 of the Texas Insurance Code. Dkt. No. 1-3 at 19-23; *see also* Dkt. No. 24 at 11 (summarizing Plaintiff's claims but failing to mention Plaintiff's conspiracy to commit fraud claim).

Defendant filed its instant Motion for Summary Judgment with supporting documents on June 24, 2022. Dkt. No. 24; Dkt. Nos. 24-1 through 24-5. Defendant asserts that it is entitled to summary judgment on all of Plaintiff's claims. Dkt. No 24 at 11. Rejecting this position, Plaintiff filed its "Response to Defendant's Motion for Summary Judgment and Objections to Summary Judgment Evidence" (hereinafter, Plaintiff's "Response"), along with supporting documents, on July 15, 2022. Dkt. No. 25; Dkt. Nos. 25-1 through 25-8. Defendant filed its "Reply" with supporting documents on July 25, 2022. Dkt. No. 26; Dkt. Nos. 26-1 and 26-2. This matter is now ripe for consideration.

### III.  Legal Standards

The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment.

Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A fact is material if it might affect the outcome of the lawsuit under the governing law. *Id.* at 248. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* Therefore, summary judgment is proper if, under governing laws, there is only one reasonable conclusion as to the verdict. If reasonable finders of fact could resolve a factual issue in favor of either party, summary judgment should not be granted. *Id.* at 249.

The movant on a summary judgment motion bears the initial burden of providing the court with a legal basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The burden then shifts to the resisting party to present affirmative evidence to defeat the motion. *Anderson*, 477 U.S. 242, 257. All facts and inferences drawn from those facts must be viewed in the light favorable to the party resisting the motion for summary judgment. *Scott v. Harris*, 550

U.S. 372, 378 (2007). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

## IV. Discussion[1]

### A. Plaintiff's Breach of Contract Claim

The Court first discusses Plaintiff's breach of contract claim. Plaintiff contends that its Property sustained wind damage as a direct result of Hurricane Hanna[2], constituting a covered loss. Dkt. No. 1-3 at 16-19. Plaintiff further contends that Defendant breached the insurance contract when it denied Plaintiff's claim for the covered loss. *Id.*

In Texas, insurance policies are contracts subject to the rules of contract construction. *Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000). "[W]hen an insurance policy is ambiguous or inconsistent, the construction that would afford coverage to the insured must govern." *Id.* The elements of a breach of contract action under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

---

[1] In its Response, Plaintiff objects to portions of Defendant's claim director, Tony Avila's declaration. Dkt. No. 25 at 22-23. Avila's declaration is supplementary to Defendant's 2020 Coverage Letter, Defendant's 2021 Denial Letter, and deposition testimony; it is not contradictory or entirely new. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 496 (5th Cir. 1996) ("When a declaration merely supplements rather than contradicts prior deposition testimony, the court may consider the declaration when evaluating genuine issues in a motion for summary judgment."). Accordingly, Plaintiff's objections lack merit.

[2] The Court references only Hurricane Hanna, as Plaintiff's source of covered damage. Plaintiff's 2019 Claim established no damage to the Property as a result of a specific covered event.

The insured bears the burden of establishing that its claim is covered by the policy. *Wells v. Minn. Life Ins. Co.*, 885 F.3d 885, 890 (5th Cir. 2018).

An insurer is liable only for losses covered by the policy. *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993). Accordingly, "[w]hen covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Id.*; accord *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807-08 (5th Cir. 2004). If the insured fails to meet this burden, the insurer is entitled to summary judgment. *See Hamilton Props. v. Am. Ins. Co.*, 643 F. App'x 437, 442 (5th Cir. 2016) (affirming grant of summary judgment for insurer where insured's evidence showed that damage could be "linked" to a particular hailstorm but did "nothing to enable a jury to segregate damages for only that property damage caused by covered perils that occurred within the policy period"); *Wallis v. United Servs. Auto Ass'n*, 2 S.W.3d 300, 304 (Tex. App.—San Antonio 1999, pet. denied) ("[T]he jury could believe that plumbing leaks caused part of the complained-of damage. However, the engineers could not indicate the extent to which this peril damaged the Wallises' home. This is fatal to their claim.").

Here, Defendant concedes that the Policy covered direct physical loss of or damage to Plaintiff's Property during the Policy periods – May 3, 2019 to May 3, 2020, and May 5, 2020 to May 5, 2021. Dkt. No. 24 at 6-7. But it argues that Plaintiff has provided no evidence: (1) to show the damage in question was caused solely by Hurricane Hanna; or (2) from which a jury could reasonably allocate the damage in question between Hurricane Hanna and non-covered causes (e.g., preexisting damage, age-related wear and tear, loss resulting from the enforcement of a code requirement) during the Policy periods. Dkt. No. 24 at 14-22; Dkt. No. 26 at 7-13.

Defendant further cites to its summary judgment evidence and Plaintiff's causation expert, David Day's testimony and report (hereinafter, the "Day Report"). Dkt. No. 24 at 14-22; Dkt. No. 26 at 7-13. In response, Plaintiff argues that: (1) Defendant has not shown that the concurrent cause doctrine applies; and (2) Defendant's 2020 coverage letter and the Day Report create fact issues that would allow a reasonable jury to find in favor of Plaintiff's claims. Dkt. No. 25 at 12-20.

In support of its first contention, Plaintiff cites the Fifth Circuit's concerns regarding the application of the concurrent cause doctrine in *Frymire Home Servs., Inc. v. Ohio Sec. Ins. Co.* and *Overstreet v. Allstate Vehicle & Prop. Ins. Co.* Dkt. No. 25 at 16-20. In *Frymire*, the central issue was whether plaintiffs had provided enough evidence for a reasonable jury to conclude that a hailstorm provided covered losses. *Frymire Home Servs., Inc. v. Ohio Sec. Ins. Co.*, 12 F.4th 467, 471 (5th Cir. 2021), certified question accepted (Sept. 10, 2021), certified question dismissed (Dec. 3, 2021). The plaintiff produced evidence that suggested that a covered hailstorm was the sole cause of the claimed roof damage. *Id.* at 472. The defendant denied plaintiff's claim because its own investigation had concluded that wear and tear – not wind and hail – caused the damage. *Id.* at 470. Applying the concurrent cause doctrine, the district court granted summary judgment on all of plaintiff's breach of contract and related extra-contractual claims. *Id.* On appeal, the Fifth Circuit held that substantial gaps exist in the concurrent cause doctrine; it further held that, in *Lyons v. Millers Cas. Ins. Co. of Tex.*, the Texas Supreme Court did not resolve the issue of whether the presence of any preexisting damage necessarily triggers the concurrent cause doctrine. *Id.* at 472-473. In *Overstreet*, the plaintiff alleged similar facts and submitted evidence suggesting roof damage caused by a sole covered event. *Overstreet v. Allstate Vehicle & Prop. Ins. Co.*, 34 F.4th 496, 497, 499

(5th Cir. 2022), certified question accepted (May 27, 2022), certified question dismissed (Sept. 16, 2022).

The Fifth Circuit, then, has twice certified questions to the Texas Supreme Court, including:

1. Whether the concurrent cause doctrine applies where there is non-covered damage to an insured property, including "wear and tear," but such damage does not directly cause the claimed loss ultimately suffered by plaintiffs;

2. If so, whether plaintiffs alleging that their loss was entirely caused by a single, covered peril bear the burden of attributing losses between that peril and other, non-covered or excluded perils that plaintiffs contend did not cause the claimed loss; and

3. If so, whether plaintiffs can satisfy that burden with evidence indicating that the covered peril caused the entire claimed loss (that is, by implicitly attributing one hundred percent of the claimed loss to that peril).

*Overstreet*, 34 F.4th at 497-499; *Frymire*, 12 F.4th at 472-473. As the parties in *Overstreet* and *Frymire* eventually settled, the Fifth Circuit's certified questions remain unanswered. Here, the analysis remains undisturbed, because Plaintiff has produced no evidence suggesting that the covered peril was the sole cause of the claimed loss.

The Court finds that the facts of this case are analogous to those addressed by the Fifth Circuit in *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.* 892 F.3d 167, 171 (5th Cir. 2018). Like Plaintiff here, the insured produced no evidence suggesting that the covered storm damage was the sole cause of the claimed loss. Absent such evidence, the Fifth Circuit held that: (1) the concurrent cause doctrine applied; (2) the insured had failed to attribute loss to the covered peril; and (3) the defendant was

entitled to summary judgment. *Id.* at 169-172. The Court, then, finds that the concurrent cause doctrine applies here.

As for Plaintiff's second contention, Plaintiff argues that the concurrent cause doctrine is inapplicable because a portion of Plaintiff's claim is undisputed. Dkt. No. 25 at 12-16. In support, Plaintiff first points to Defendant's 2020 Coverage Letter, which includes Engle Martin's estimate of $2,902.81 for repairs. *Id.*; Dkt. No. 25-2 at 98-104. Plaintiff essentially asserts that Defendant has either waived or is estopped from invoking the concurrent cause doctrine.

An insurer's prior indication that a portion of a claim is undisputed does not relieve the insured of its burden to provide summary judgment evidence to allow the jury to segregate covered losses from non-covered losses. *Landmark Am. Ins. Co. v. Port Royal by the Sea Condo. Owners Ass'n*, 2022 U.S. Dist. LEXIS 141601, *61 (N.D. Tex. Mar. 26, 2022) (quoting *Prime Time Fam. Ent. Ctr., Inc. v. AXIS Ins. Co.*, 630 S.W.3d 226, 231 (Tex. App. 2020). Furthermore, the contractual coverage of an insurance policy cannot be expanded by waiver or estoppel on the part of the insurer. *Tex. Farmers Ins. Co. v. McGuire*, 744 S.W.2d 601, 602-03 (Tex. 1988)); *Washington Nat'l Ins. Co. v. Craddock*, 130 Tex. 251, 109 S.W.2d 165, 165-66 (Tex. 1937); *see Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778-80 (Tex. 2008) (discussing *McGuire* and *Craddock*).

Defendant's 2020 Coverage Letter, then, cannot expand the coverage originally offered by Defendant. Here, Defendant was entitled to further investigate and insist upon a showing from Plaintiff that its claims were losses attributable to a peril covered by the Policy, irrespective of any damages that Defendant acknowledged as a covered loss. The Court declines Plaintiff's invitation to find that Defendant's 2020 Coverage Letter raises a fact question. Plaintiff's breach of contract claim is governed by the terms of the Policy,

not Defendant's actions in adjusting a claim made under the Policy. *See McGuire*, 744 S.W.2d at 602-03; *Craddock*, 109 S.W.2d at 165-66.

Plaintiff also points to the Day Report, which recommends a full roof replacement. Dkt. No. 25 at 14; Dkt. No. 25-6. Plaintiff argues that Day's recommendation creates a fact question of whether the roof is repairable. Dkt. No. 25 at 13-16. To the extent that Plaintiff insists on treating the roof as a single, integrated unit, the concurrent cause doctrine applies. *All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800, 802 (Tex. App.—Dallas 2008) (holding insured only entitled to necessary repair to hail-damaged tiles; not entitled to entire roof repair). Viewing the evidence most favorably to Plaintiff, part of the loss of the roof resulted from a covered cause – Hurricane Hanna. However, part of the loss resulted from non-covered causes – preexisting damage, wear and tear, and loss resulting from enforcement of a code requirement. Here, covered and non-covered causes combined to cause the loss of the roof; an insured is entitled to recover only that portion of the damage caused solely by the covered cause. *Id.* at 804. Thus, Plaintiff, then, cannot recover the cost of replacement for non-covered damage.

Here, the Court finds there is evidence of concurrent causes. A 2022 report by Caliber Forensics, and testimony from both Day and Plaintiff's building consultant, David Poyner, all indicate the roof was damaged by both covered and non-covered causes. Dkt. No. 24 at 14-21; Dkt. No. 25-2 at 201-213. This evidence triggers Plaintiff's burden to provide evidence that would allow a jury to reasonably apportion the damages resulting from the claimed loss.

Critically, Plaintiff has failed to meet its burden. "Although [an insured] is not required to establish the amount of his damages with mathematical precision, there must be some reasonable basis upon which the jury's finding rests." *Tchakarov v. Allstate*

*Indem. Co.*, 2021 U.S. Dist. LEXIS 203896, 2021 WL 4942193, at *14 (N.D. Tex. Oct. 22, 2021). Plaintiff has failed to point to any evidence, and the Court has found none in the record, from which a jury could reasonably segregate the covered versus uncovered damage. In fact, Day testified that his recommendation "did not segregate between repairing or replacing those portions of the roof that might have been damaged as a result of Hurricane Hanna from those portions of the roof that were either not damaged, or that were damaged before the storm." Dkt. No. 24-3 at 30. Day also acknowledged that he did not attempt to quantify the roof damage that could have resulted from non-covered causes. *Id.* Moreover, Poyner also admitted that his estimate did not differentiate between covered and non-covered losses. Dkt. No. 24-4 at 10-11. Plaintiff has not provided any evidence to create a genuine issue of material fact on this issue; Defendant, then, is entitled to summary judgment with respect to Plaintiff's breach of contract claim.

### B. Plaintiff's Extracontractual Claims

Plaintiff alleges Defendant's actions constitute violations of the Texas Insurance Code and breach of its common law duties of good faith and fair dealing. Dkt. No. 1-3 at 19-24. Plaintiff argues that Defendant's "misrepresentations" in Defendant's 2020 Coverage Letter and Defendant's 2021 Denial Letter show that Defendant breached the Policy to recover under its extracontractual claims. Dkt. No. 25 at 20-22. Defendant contends that it is entitled to summary judgment because Plaintiff has failed to show it breached the Policy and thus, cannot recover on these claims. Dkt. No. 24 at 22-25; Dkt. No. 26 at 17-18.

Under Texas law, "[w]hen the issue of coverage is resolved in the insurer's favor, extracontractual claims do not survive." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) (citing *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 921 (Tex.

2005) (per curiam)). This principle applies to alleged violations of the Texas Insurance Code and breach of the common law duty of good faith and fair dealing. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018) ("The general rule is that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy."); *Hamilton,* 643 Fed. Appx. 437 at 442 (explaining that plaintiffs cannot prevail on "extracontractual claims for violation of Sections 541 and 542 of the Texas Insurance Code, and the duty of good faith and fair dealing" absent a showing that an insurer breached its contract with the insured*); see also Meisenheimer v. Safeco Ins. Co. of Ind.*, 2018 U.S. Dist. LEXIS 138220, 2018 WL 3869573, at *3-4 (N.D. Tex. Aug. 15, 2018) (explaining that if the insurer did not breach its contract with the insured, the insured could not maintain extracontractual claims for breach of the duty of good faith and fair dealing or violations of the Texas Insurance Code without establishing an independent injury).

The exception to this general rule is when the insurer commits an act, so extreme, that would cause injury independent of the policy claim. Under this exception, plaintiffs may recover damages caused by a statutory violation "only if the damages are truly independent of the insured's right to receive policy benefits," and not "predicated on [the loss] being covered under the insurance policy." *Menchaca*, 545 S.W.3d at 499-500 (quoting *Boyd*, 177 S.W.3d at 920).

Plaintiff's claimed injuries are not independent of its claims for policy benefits. Instead, all of Plaintiff's alleged damages are based on Defendant's denial of its claims under the Policy. Plaintiff has not provided any evidence to create a genuine issue of material fact on this issue; Defendant, then, is entitled to summary judgment regarding

Plaintiff's extracontractual claims for violations of the Texas Insurance Code and breach of the common law duties of good faith and fair dealing.

### C. Plaintiff's Fraud Claims

Lastly, Plaintiff alleges a common law fraud claim. Dkt. No. 1-3 at 20-21. In Texas, the elements of common law fraud are: (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result. *Hous. Servs., Inc. v. Alden Torch Fin., LLC*, 2021 U.S. Dist. LEXIS 17877, 2021 WL 325640, at *1-3 (N.D. Tex. Jan. 31, 2021) (quoting *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W. 3d 143, 153 (Tex. 2015)) (internal quotation marks omitted). Specifically, Plaintiff alleges that Defendant misrepresented the amount and cause of damage to the Property. Dkt. No. 1-3 at 21-23; *see generally* Dkt. No. 25. Plaintiff points to Defendant's 2020 Coverage Letter and Defendant's 2021 Denial Letter as misrepresentations and evidence of an attempt to accomplish an unlawful purpose. *Id.* Critically, Plaintiff has provided no evidence that would enable a reasonable jury to determine whether these material, false representations were made by Defendant. Even assuming arguendo, that Defendant's 2020 Coverage Letter and Defendant's 2021 Denial Letter constitute false representations, Plaintiff has not presented sufficient evidence for a reasonable jury to find that Defendant made any such statement knowingly or recklessly.

The Court finds that Plaintiff has failed to present any evidence that would enable a reasonable jury to find that Defendant committed common law fraud. Defendant, then, is entitled to summary judgment regarding Plaintiff's common law fraud claim. Although Plaintiff also alleges a conspiracy to commit fraud claim, Defendant has failed to address

it. Dkt. No. 24 at 11. However, the Court finds that Defendant is also entitled to summary judgment on Plaintiff's derivative claim of conspiracy to commit fraud. *See, e.g.*, *Allstate Ins. Co. v. Receivable Fin. Co.*, L.L.C., 501 F.3d 398, 414 (5th Cir. 2007) (explaining that because conspiracy to commit fraud is a derivative claim of fraud, a conspiracy claim cannot survive in the absence of a valid underlying fraud claim).

## V. Recommendation

It is recommended that the Court **GRANT** Defendant's Motion for Summary Judgment and **DIRECT** the Clerk of Court to **CLOSE** this case.

## VI. Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **6th** day of **December, 2022,** at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge