United States District Court
Southern District of Texas
**ENTERED**
January 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SHREE RAMA, LLC, <br> "Plaintiff", | § § § | |
| v. | § § | Civil Action No. 1:21-cv-00091 |
| MT. HAWLEY INSURANCE COMPANY, <br> "Defendant". | § § § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are Defendant's "Motion for Summary Judgment and Brief in Support" "MSJ" (Dkt. No. 24), "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 42), and Plaintiff's "Objections to the Proposed Findings, Conclusions, and Recommendation of Magistrate Judge's Report and Recommendations" ("Objections") (Dkt. No. 43). The R&R recommends granting Defendant's MSJ (Dkt. No. 24) and directing the Clerk of Court to close this case.

**I. DISCUSSION**

A party may contest the proposed findings and conclusions in a report and recommendation by filing written objections within fourteen days of being served with a copy of the report and recommendation. *See* 28 U.S.C. § 636(b)(1). A party's objections to portions of a report and recommendation entitle him to *de novo* review by the Court. *See* 28 U.S.C. § 636(b)(1). Objections must specifically identify findings or recommendations in the R&R. The Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

**A. Plaintiff's Objections to Factual Findings**

An insurer is liable only for losses covered by the policy. *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993). Thus, "[w]hen covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Id.;* accord *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807-08 (5th Cir. 2004). If the insured fails to meet this burden, the insurer is entitled to summary judgment. *See Hamilton Props. v. Am. Ins. Co.*, 643 F. App'x 437, 442 (5th Cir. 2016). (affirming grant of

summary judgment for insurer where insured's evidence showed that damage could be "linked" to a particular hailstorm but did "nothing to enable a jury to segregate damages for only that property damage caused by covered perils that occurred within the policy period"); *Wallis v. United Servs. Auto Ass'n*, 2 S.W.3d 300, 304 (Tex. App.—San Antonio 1999, pet. denied) ("[T]he jury could believe that plumbing leaks caused part of the complained-of damage. However, the engineers could not indicate the extent to which this peril damaged the Wallis's home. This is fatal to their claim.").

Plaintiff first argues the R&R "incorrectly found that there was "no evidence" that the sole cause of loss was Hurricane Hanna." Dkt. No. 43 at 9-10. Plaintiff contradicts this view by stating that expert "Day could not definitively attribute these specific damages to Hurricane Hanna when deposed about [the] damages." *Id.* at 5. Plaintiff also produces no new evidence to support its contention and merely includes evidence[1] that has already been considered in the R&R[2].

Secondly, Plaintiff argues the R&R does not address damages to the decking and trusses. Dkt. No. 43 at 10. Ultimately Plaintiff seeks coverage for the whole roof. Plaintiff acknowledges this in the objections by stating that "the replacement of the roof decking and trusses [are] necessary to perform a full roof replacement." *Id.* Thus, although the R&R does not explicitly mention the decking and the trusses, all these areas combine to form the loss of the "roof", which is addressed in the R&R. Dkt. No. 42 at 11-12.

Thirdly, Plaintiff alleges the R&R failed to acknowledge that both parties agreed to the damages in room 260. Dkt. No.43 at 10. The R&R disproves Plaintiff's assertion that Defendant's 2020 Coverage Letter is an admission that the damage to room 260 was solely caused by Hurricane Hanna. Dkt. No. 42 at 10-11. Thus, Plaintiff's objections to the R&R's factual findings are **OVERRULED**.

### B. Plaintiff's Objections to Legal Findings

Plaintiff argues that the R&R failed to mention *Advanced Indicator & Mfg. v. Acadia Ins. Co.*, 50 F.4th 469 (5th Cir., October 3, 2022). In that case the Court relied on the testimony of "a public adjuster who stated that the roofing system "completely failed," and that the damage was

---

[1] Plaintiff includes excerpts from David Day's deposition, Day's report, the Caliber Report, and David Poyner's report as alleged evidence that the loss was solely caused by Hurricane Hanna. *See generally* Dkt. No. 43.
[2] The R&R considered "a 2022 report by Caliber Forensics, and testimony from both Day and Plaintiff's building consultant, David Poyner" in deciding that the roof was damaged both by covered and non-covered damages. Dkt. No. 42 at 11.

"absolutely" caused only by the hurricane" as well as an expert that "testified at his deposition that the damage was caused by Hurricane Harvey" to determine that "a reasonable jury could find that Hurricane Harvey's winds were the cause of the damage to the building." *Id.* at 476-477. Here unlike the facts in *Advanced*, nothing in the record suggests that Hurricane Hanna was the sole cause of the loss; therefore, the Court finds there was no consequences suffered by Plaintiff by the omission of this case in the R&R.

The rest of Plaintiff's legal objections are general objections, or the same arguments Plaintiff raised in its "Response to Motion for Summary Judgment" (Dkt. No. 25). *See* Dkt. No. 43 at 10-15. These objections thus do not enter into the record new evidence or argument for this Court's consideration. Thus, Plaintiff's objections to the R&R's legal findings are **OVERRULED**.

## II. CONCLUSION

For all the reasons stated, the R&R (Dkt. No. 42) is **ADOPTED**. Defendant's MSJ (Dkt. No. 24) is **GRANTED**. The Clerk of Court is **ORDERED** to close this case.

Signed on this \_\_24th\_\_ day of \_\_January\_\_, 2023.

Rolando Olvera
United States District Judge